NOT DESIGNATED FOR PUBLICATION

No. 116,619

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS BOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; CHERYL I. ALLEN, judge. Opinion filed July 7, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Natasha Esau*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Travis Boyd appeals from his conviction for criminal damage to property. He contends there was insufficient evidence to support his conviction. A review of the record, however, reveals that there was sufficient evidence upon which a finder of fact could conclude that Boyd was guilty of criminal damage to property beyond a reasonable doubt. Thus, we affirm.

1

Travis lived with his wife, Maria, in a house located in Nickerson, Kansas. Although it is unclear from the record, it appears that Maria originally leased the house but that Travis may have also subsequently signed the lease. At some point after Maria left to go shopping on December 12, 2015, Travis called her on her cellphone and the two began arguing. Later that evening, Maria received pictures from Travis on her cellphone that showed holes in the walls of the house. In addition, Travis threatened to punch more holes in the walls. He also sent Maria a picture of a gasoline can sitting on top of a couch.

Maria stayed with her sister-in-law on the night of December 12 and returned to the house the next morning. When she arrived home, Maria observed 15 holes in the interior walls of the bedroom and living room. According to Maria, there had been no holes in the walls when she left the house the previous day. The police were notified and Deputy Christopher Shields arrived at the house around 1:45 p.m. on December 13.

While at the house, Deputy Shields also observed several holes in the wall and noted that some of the holes appeared to be shaped like a fist. The deputy further noted blood on the wall near some of the holes. Deputy Shields spoke to Travis and noted that he had a cut on his right knuckle. The deputy took photographs of the holes in the walls and a photograph of Travis' injured knuckle.

On December 15, 2015, the State charged Travis with one count of misdemeanor criminal damage to property in violation of K.S.A. 2015 Supp. 21-5813(a)(1), (c)(3). The district court held a bench trial on September 26, 2016, where the State offered the testimony of Maria and Deputy Shields. The State also admitted photographs of the holes in the walls of the house and of Travis' bloodied knuckles into evidence. Travis offered no defense. After considering the evidence, the district court found Travis guilty and

2

sentenced him to 90 days suspended to 12 months of probation. On September 28, 2016, Travis timely filed this appeal.

ANALYSIS

On appeal, Travis contends that the district court's verdict was not supported by sufficient evidence. "When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

A verdict may be supported by circumstantial evidence if such evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Based on our review of the record, we conclude that there was sufficient evidence presented at trial upon which a reasonable person could find Travis to be guilty of criminal damage of property beyond a reasonable doubt.

K.S.A. 2015 Supp. 21-5813(a)(1) and (c)(3) required the State to prove that Travis:

- knowingly;
- damaged, destroyed, defaced, or substantially impaired the use of any property;
- in which another has an interest;

3

- without the consent of such person; and
- the property is damaged to an extent of less than $1000.

At trial, Maria testified that Travis threatened to damage the walls of the house and the couch. It is unclear from the record whether there was any damage to the couch. Nevertheless, Maria testified that the walls in the living room and bedroom of the house had no damage when she left to go shopping on December 12 but they did have damage when she returned home on the morning of December 13. Moreover, the State introduced into evidence several photographs of the damaged walls in the living room and the bedroom of the house. The State also introduced a photograph of Travis' injured knuckle into evidence.

In addition, Maria testified that her name was on the lease of the house. Although there was no direct evidence of lack of consent, the district court could reasonably infer from the evidence presented at trial that Maria did not give Travis permission to damage the walls of the house. In particular, a reasonable person could infer that Maria would not have reported the incident to the police had she consented to Travis putting holes in the walls of the house. Regarding the amount of damage, Maria testified that repairing the holes in the walls cost approximately $80.

Accordingly, we find sufficient evidence of each element of K.S.A. 2015 Supp. 21-5813(a)(1), (c)(3) in the record. Although some of the evidence presented was circumstantial, it is sufficient to support a conviction when viewed in the light most favorable to the State. We, therefore, conclude that the district court's judgment should be affirmed.

Affirmed.